UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STACY EDEY, KELLIE HIGH,
And RONNICE LEE, *on behalf of*
*Themselves and all similarly situated*
*Individuals,*

  **Plaintiffs,**

              CIVIL ACTION NO. 2:25cv554

**NAVY FEDERAL CREDIT UNION,**

  **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiffs' unopposed motion for Appointment of Class Counsel, Preliminary Approval of Proposed Class Action Settlement, Approval of the Form and Manner of Notice to the Class, Appointment of a Notice Administrator, and Setting the Final Settlement Schedule and Date for a Final Approval Hearing (the "Motion"). (ECF No. 16). For the reasons that follow, the undersigned recommends that Plaintiffs' Motion be GRANTED.

## I. Statement of the Case

This litigation involves claims asserted on behalf of a nationwide class of Navy Federal Credit Union ("NFCU") customers whose accounts were used by unknown persons to take out fraudulent loans. Plaintiffs allege NFCU negligently failed to prevent the fraud, failed to cancel loans after notice by the accountholders, and failed, in whole or in part, to refund sums paid by the accountholders towards the fraudulent loans. The Complaint asserts four class claims, including negligence, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment as to some class members. Compl. ¶¶ 144-83 (ECF No. 1, at 18-26). It also alleged a subclass claim for common-law conversion on behalf of NFCU customers, like Plaintiff

High, who had offsetting payments deducted from other NFCU accounts. Id. ¶¶ 185-92 (ECF No. 1, at 27-29).[1]

After service of the Complaint, NFCU moved to dismiss all of the claims raising a contractual notice requirement and substantive defenses to each of the class claims. Def.'s Mot. to Dismiss (ECF No. 7); Mem. L. Supp. Def,'s Mot. to Dismiss (ECF No. 8). The parties thereafter exchanged informal discovery and began settlement negotiations which culminated in a mediation before an experienced, independent mediator. Following mediation, the parties reached agreement on a settlement, eventually memorialized in a 28-page written Settlement Agreement. Mot. for Prelim. Approval, Ex. 1 ("Settlement Agreement") (ECF No. 16-1). The Settlement Agreement provides that NFCU would cancel any outstanding fraudulent loans made to class members and refund payments previously made on the loans. Id. ¶ 4.3 (ECF No. 16-1, at 12-13). Plaintiffs' Motion asserts the value of this monetary relief is approximately $8,000,000.[2] NFCU will also cancel any credit reporting related to the loans and provide a procedure for class members who file a claim to receive an additional cash payment of $250.00. Id. ¶ 4.3.4.

The Plaintiffs filed a Motion for Preliminary Approval, (ECF No. 16), which included the Settlement Agreement, a Proposed Order Preliminarily Approving the Settlement, the Form of Notice, and Declarations from Proposed Class Counsel. Mem Supp. Mot. for Prelim. Approval ("Mem. Supp.") (ECF No. 17); Mem. Supp. Ex. 1 ("Kelly Decl.") (ECF No. 17-1); Mem. Supp. Ex. 2 ("Pittman Decl.") (ECF No. 17-2). That Motion was referred to me under 28 U.S.C. § 636(b)(1)(A) and (B) to conduct necessary proceedings and submit recommendations for

---

[1] The Complaint also alleged certain individual claims on behalf of the named plaintiffs, but those claims are not implicated in the Motion for Preliminary Approval. See id. ¶¶ 193-218 (ECF No. 1, at 29-31).
[2] At a hearing on the Motion, counsel for NFCU represented that the full value of the cancelled loans alone is expected to exceed $6,000,000.00. Refunded payments will make up the balance of the estimated value of loan cancellation.

disposition.  Referral Order (ECF No. 19).  The court held a hearing by remote means on June 11, 2026, with counsel for the parties present.  (ECF No. 20).

## II. Analysis

### A. Settlement Class Certification

"A settlement class, like a litigation class, must satisfy the requirements of Federal Rule of Civil Procedure 23(a)."  Brown v. Transurban USA, Inc., 318 F.R.D. 560, 566 (E.D. Va. 2016). In addition, the class must fit within one of the categories of Rule 23(b).   The party seeking certification bears the burden of proof, and each requirement of Rule 23 must be established by a preponderance of the evidence.  In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 320 (3d Cir. 2008).

### 1. Rule 23(a)

Under Rule 23(a), Plaintiffs must demonstrate (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy.  Fed. R. Civ. P. 23(a).  The numerosity prong requires that the proposed class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  The Fourth Circuit has held that "[n]o specified number is needed to maintain a class action."  Brady v. Thurston Motor Lines, 726 F.2d 136, 145 (4th Cir. 1984) (quoting Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n, 375, 375 F.2d 648, 653 (4th Cir. 1967)). Generally, classes consisting of forty or more members are considered sufficiently large to satisfy the impracticability requirement.  In re Titanium Dioxide Antitrust Litig., 284 F.R.D. 328, 337 (D. Md. 2012).  Here, the parties originally estimated that the class would include 1,500 members, Mem. Supp. (ECF No. 17, at 3, 9), but at the hearing on Plaintiffs' Motion, the parties clarified the true number is over 1,600 including Plaintiffs.  This easily meets the numerosity standard.  See Gunnells v. Healthplan Servs., Inc. 348 F.3d 417, 425 (4th Cir. 2003).

3

Rule 23(a)(2) requires that questions of law or fact be common to the class. Fed. R. Civ. P. 23(a)(2). "A common question is one that can be resolved for each class member in a single hearing" and does not "turn[] on a consideration of the individual circumstances of each class member." Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 319 (4th Cir. 2006). The Supreme Court has stated that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350-51 (2011) (quoting Gen. Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 157 (1982)). The Settlement Class here is defined to include only those NFCU customers who have been victimized by third parties' use of fraudulent loans deposited to the members' account. Settlement Agreement ¶¶ 2.9, 2.21 (ECF No. 16-1, at 4-6). The Complaint alleges—and counsel for NFCU confirmed—that the particular loan program exploited by the scheme involved personal, unsecured loans which could be initiated and approved entirely online. Compl. ¶¶ 2-29 (ECF No. 1, at 1-5). Class members allege NFCU's standard methods for approving and funding these unauthorized loans were negligent, and inconsistent with contractual and common-law duties. See id. ¶¶ 144-83 (ECF No. 1, at 18-26). Although NFCU disputes its liability, the facts alleged are sufficient to conclude these issues could be litigated collectively, and thus the Settlement Class meets the commonality requirement.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality and commonality requirements are similar, as "[b]oth serve as guideposts for determining whether . . . the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected." Falcon, 457 U.S. at 157-58 n.13. But the typicality requirement specifically ensures that named class representatives are appropriately part of the class and "'possess the same interest[s] and suffer the same injury' as the class members." Broussard

4

v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 338 (4th Cir. 1998) (quoting E. Tex. Motor Freight Sys. Inc. v. Rodriguez, 431 U.S. 395, 403 (1977)). "The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so go the claims of the class.'" Deiter v. Microsoft Corp., 436 F.3d 461, 466 (4th Cir. 2006) (quoting Broussard, 155 F.3d at 340).

In this case, all three named Plaintiffs, Edey, High, and Lee, fell victim to the scheme when fraudulent actors borrowed money in their names from NFCU. All three allege the loans were unauthorized, initiated by unknown perpetrators using NFCU's online system from devices not previously associated with their accounts. Although their individual circumstances vary slightly, each one made payments toward the loans despite their fraudulent nature to avoid additional harm to their credit rating. Compl. ¶¶ 86-141 (ECF No. 1, at 11-16). Thus, the named Plaintiffs suffered the same injury and have the same motivation to pursue relief as the Settlement Class.

The final requirement under Rule 23(a) is that the parties representing the proposed class be able to "fairly and adequately protect the interests" of all members of the class. Fed. R. Civ. P. 23(a)(4). This inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." Amchem Prods., Inc., v. Windsor, 521 U.S. 591, 625 (1997) (citing Falcon, 457 U.S. at 157-58 n.13). In order for a conflict to defeat class certification, the conflict "must be more than merely speculative or hypothetical," but rather "go to the heart of the litigation." Gunnells v. Healthplan Servs., Inc. 348 F.3d 417, 430-31 (4th Cir. 2003).

As set forth above, all three named Plaintiffs suffered the injury described in the class action claims, and all three separately sought counsel to pursue relief. There is no evidence of conflict between their interests and the interests of the class. The Plaintiffs engaged experienced counsel, well versed in the consumer protection issues raised by their claims and the statutory and

5

common-law remedies available to provide relief. Plaintiffs' memorandum alleges that all three Plaintiffs actively participated in the litigation, including in-person participation at the mediation that produced the Settlement Agreement.    Mem. Supp. (ECF No. 17, at 12-13).  I find that Plaintiffs adequately represent the interests of the Settlement Class.

## 2. Rule 23(b)

Assuming the Rule 23(a) requirements are satisfied, the proposed class must also fall within one of the categories of Rule 23(b).  Here, Plaintiffs proceed under Rule 23(b)(3), which requires findings that (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

To meet the predominance requirement, plaintiffs must show by a preponderance of the evidence that the elements of their claim can be proven by evidence common to the members of their class. See In re Hydrogen Peroxide, 552 F.3d 305, 311-12, 320 (3d Cir. 2008).  Plaintiffs are not required "to prove that each 'elemen[t] of [their] claim [is] susceptible to classwide proof,'" but only that "common questions 'predominate over any questions affecting only individual [class] members.'" Amgen Inc. v. Conn. Ret. Plans & Tr. Funds, 568 U.S. 455, 469 (2013) (quoting Fed. R. Civ. P. 23(b)(3)).  The superiority requirement ensures that proceeding by class action will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable consequences." Amchem, 521 U.S. at 615 (quoting Fed. R. Civ. P. 23 advisory committee's note to 1946 amendment).

As explained above, class-wide proof is available on important issues of liability as the class is defined to include only NFCU members whose accounts were exploited in using a "Non-

Historic Device." Settlement Agreement ¶¶ 2.9, 2.13, 2.21 (ECF No. 16-1, at 4-6). Plaintiffs allege that NFCU failed to implement adequate means of confirming that loans originated online actually came from the customer, and that the use of an unfamiliar device to originate the loan was a red-flag for fraud which should have prompted further inquiry. Compl. ¶¶ 2-29 (ECF No. 1, at 1-5). While NFCU disputes its liability, for purposes of approving the Settlement Class, this evidence is adequate to show that common issues predominate. Individual issues relate mostly to damages and have already been determined and isolated by NFCU records, which reveal the amount of each fraudulent loan and the amount of any disputed payments made by Class Members. See In re T.D. Bank, N.A. Overdraft Fee Litig., 325 F. R. D. 136, 154 (D.S.C. 2018) (finding predominance satisfied by "essential common factual link, such as standardized documents and practices, even though the nature and amount of damages may differ among class members"). There is also ample evidence that class resolution of the claims would be superior. The 1,600 class members are geographically dispersed across the entire country and their individual claims are small—averaging less than $5,000.00—making it unlikely that they would be able to obtain experienced counsel to pursue individual claims. Proposed class counsel in this case are comprised of two firms with long experience litigating consumer protection claims in the financial services industry, and also familiar with the administrative challenges of instituting, prosecuting, and concluding class litigation nationwide.

**B. Preliminary Approval of Settlement Agreement Under Rule 23(e)(2)**

Under Rule 23(e), the court must approve any proposed settlement in a class action and ensure that notice of the settlement is provided to all class members. Fed. R. Civ. P. 23(e). The court, however, may approve a proposed settlement "only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "While this inquiry rests in 'the sound discretion of the Court,'

the Court has the concomitant and overriding duty to ensure the 'protection of class members whose rights may not have been given adequate consideration during the settlement negotiations.'" In re The Mills Corp. Sec. Litig., 265 F.R.D. 246, 253-54 (E.D. Va. 2009) (quoting In re Jiffy Lube Sec. Litig., 927 F.2d 155, 158 (4th Cir. 1991)). Nonetheless, "there is a strong initial presumption that the compromise is fair and reasonable." In re MicroStrategy, Inc. Sec. Litig., 148 F. Supp. 2d 654, 663 (E.D. Va. 2001) (quoting S.C. Nat'l Bank v. Stone, 139 F.R.D. 335, 339 (D.S.C. 1991)).

"Although Rule 23(e) does not delineate a procedure for court approval of settlements of class actions, the courts generally have followed a two step-procedure." Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 855 F. Supp. 825, 827 (E.D.N.C. 1994); see also In re Mid-Atl. Toyota Antitrust Litig., 564 F. Supp. 1379, 1384 (D. Md. 1983) (utilizing the same two-step procedure). First, the court makes a preliminary determination of whether "the proposed settlement is within the range of possible approval or, in other words, whether there is probable cause to notify the class of the proposed settlement."[3] Horton, 855 F. Supp. at 827 (internal quotation marks omitted). The court's preliminary determination is not definitive — indeed, it is the court's duty "to make clear that [a] determination permitting notice to members of the class is not a finding that the settlement is fair, reasonable, and adequate." In re Mid-Atl. Toyota, 564 F. Supp. at 1384 (emphasis added). It is instead only a finding that probable cause exists to proceed to the second step. Id.

---

[3] At this step, it is not necessary for the court to hold a hearing if the court is satisfied that it can make the preliminary determination "on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties." Manual for Complex Litigation (Fourth) § 21.632 (2004). In this case, the court convened a public hearing by remote means on June 11, 2026. All parties appeared by counsel and answered the court's questions regarding the terms of notice, the expected timing of a final approval hearing, and other matters. (ECF No. 20).

If, after evaluating the proposed settlement's fairness, reasonableness, and adequacy, the court is satisfied that probable cause exists to find that "the proposed settlement is within the range of possible approval," notice of the proposed settlement will be sent to the class, and the court will hold a fairness hearing, affording all interested parties "an opportunity to be heard on the proposed settlement." Horton, 855 F. Supp. at 827. It is at this stage where the court ultimately determines whether the proposed settlement complies with Rule 23(e).

In support of their Motion, Plaintiffs provided declarations from Attorneys Kristi C. Kelly and Dale W. Pittman, counsel to the named Plaintiffs and the proposed class. Kelly Decl. ¶ 2 (ECF No. 17-1); Pittman Decl. ¶ 2 (ECF No. 17-2). Kelly's declaration explains the settlement referencing the copy of the Settlement Agreement attached to the Motion, (ECF No. 16-1). Other relevant exhibits are appended to the Motion, (ECF No. 16), including a proposed order preliminarily approving the settlement class, Settlement Agreement Ex. C (ECF No. 16-1, at 42-53) and a proposed Notice to Class Members, Settlement Agreement Ex. B (ECF No16-1, at 40-45). Firm resumes for proposed class counsel are included in the Kelly and Pittman declarations, (ECF Nos. 17-1, 17-2). Both declarations also recite the reasons why counsel determined to settle with NFCU on the terms outlined in the Settlement Agreement. Specifically, counsel recites that the settlement was reached after detailed, arm's length negotiations during which all parties were separately represented by experienced counsel. Kelly Decl. ¶ 15 (ECF No. 17-1, at 7). The terms of the Settlement Agreement would provide automatic relief to Class Members by canceling all personal loans that were allegedly fraudulently made in the name of Class Members, deleting related tradeline credit reporting, and reimbursing Class Members for all amounts previously paid on the loans. Id. ¶ 11-12 (ECF No. 17-1, at 5-6). Class Members applying may also recover a cash payment of up to $250.00. Id. ¶ 12 (ECF No. 17-1, at 6). Although the named Plaintiffs

9

resolved their individually asserted claims under the Fair Credit Reporting Act, absent class members retain the right to assert those claims should they exist. 15 U.S.C. § 1681s-2(b).

The cancelled loans and returned payments are estimated to provide as much as $8,000,000.00 in automatic financial benefit to class members. Mem. Supp. (ECF No. 17, at 2). Because the relief is automatic, and based on objective criteria used to define class membership, the Settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). The Notice plan involves retaining an experienced notice administrator, the expense for which will be borne by NFCU, without reducing relief available to class members. The Plaintiffs' Motion articulates certain risks, costs, and delay, which informed their decision to settle. Mem. Supp. (ECF No. 17, at 19). Notably, NFCU has maintained it has defenses, filing a lengthy Motion to Dismiss attacking all counts. See (ECF Nos. 7, 8). Absent settlement, briefing and resolution of that motion, class certification, and summary judgment presented significant costs, risks, and certain delay. Both attorneys testified to their belief, informed by long experience, that the terms of the Settlement were fair and adequate. Kelly Decl. ¶ 16 (ECF No. 17-1, at 7); Pittman Decl. ¶ 20-21 (ECF No. 17-2, at 19).

The foregoing evidence is sufficient for the undersigned to find that the Proposed Settlement is within the range of possible approval and authorize Notice to Settlement Class Members. Accordingly, this report recommends the court preliminarily approve the Settlement and schedule a fairness hearing to finally assess whether the settlement is fair and reasonable.

Finally, the résumés for Kelly Guzzo PLC and the Law Office of Dale W. Pittman, proposed to serve as lead counsel for the Settlement Class, easily meet the requirements of Federal Rule 23(g) for appointment of Class Counsel. Kelly Decl. ¶¶ 2-10 (ECF No. 17-1, at 1-5); Pittman Decl. ¶¶ 2-16 (ECF No. 17-2, at 1-19). Both firms have extensive experience litigating similar

disputes on both a class action and individual basis. Kelly Decl. ¶ 10 (ECF No. 17-1, at 4-5); Pittman Decl. ¶ 16 (ECF No. 17-2, at 16-19). Both are based in the Eastern District of Virginia, familiar with the court's procedures and expectations, and known to provide exceptional class representation. See e.g., Final Approval Hr'g Tr. at 21:1-10, Hill-Green v. Experian, No. 3:19-cv-708 (E.D. Va. Mar. 1, 2023) (ECF No. 147) (referring to Kelly Guzzo, "[A]dequacy just doesn't begin to cover it."). Accordingly, I recommend the court appoint Kelly Guzzo PLC and the law firm of Dale W. Pittman as Class Counsel.

The Notice Plan outlined in the Settlement Agreement provides for notice by email and regular mail, both to the addresses on file for the members' account with NFCU. Settlement Agreement § 4.2.1 (ECF No. 16-1, at 8). The parties request appointment of a Settlement Administrator who will maintain a website and toll free telephone number for inquiries about the Settlement. Id. § 4.2.2 (ECF No. 16-1, at 9). The website will include all important case documents, including the Complaint, the Form of Notice, the Settlement Agreement, and the Preliminary Approval Order. Id. § 4.2.4 ECF No. 16-1, at 11). The costs and expenses of Settlement administration will be borne by NFCU. Id. § 4.2.6 ECF No. 16-1, at 12). This plan, and the use of an experienced Settlement Administrator jointly selected by the parties, will ensure the "best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B).

### III. Conclusion and Recommendation

For the foregoing reasons, I recommend that the Motion, (ECF No. 16), be GRANTED, and that the court fix a date for a Fairness Hearing and enter the Order granting Preliminary Settlement Approval attached to this Report and Recommendation as Exhibit A, and approving the proposed Notice to Class Members, attached as Exhibit B.

11

## IV. <u>Review Procedure</u>

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6 (a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. <u>See</u> Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

June 12, 2026

12

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

STACY EDEY, KELLIE HIGH, and RONNICE LEE, *on behalf of themselves and all similarly situated individuals*,

        Plaintiffs,

v.

NAVY FEDERAL CREDIT UNION,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 2:25-cv-554

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND DIRECTING NOTICE TO CLASS

The Court, having reviewed the Settlement Agreement entered by the parties, hereby Orders that:

1.    The Court has considered the proposed settlement of the common law claims asserted against Navy Federal Credit Union by a class of consumers. Defined terms used in this Order have the meaning provided in the Settlement Agreement. The proposed settlement class is defined as follows (the "Settlement Class"):

> All persons who, as members of Navy Federal Credit Union, between January 1, 2023, and January 31, 2025, were provided an Eligible Loan by Navy Federal Credit Union.

2.    The Settlement Agreement entered between the parties as of March 20, 2026 (ECF No. 16-1), appears, upon preliminary review, to be fair, reasonable, and adequate to the Settlement Class. Accordingly, for settlement purposes only, the proposed

settlement is preliminarily approved, pending a Final Approval Hearing, as provided for herein.

3. The prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

(a) the Settlement Class consists of approximately 1,607 members;

(b) the claims of the Named Plaintiffs are typical of those of the other members of the Settlement Class;

(c) there are questions of fact and law that are common to all members of the Settlement Class; and

(d) the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class and have retained Class Counsel experienced in consumer class action litigation who have and will continue to adequately represent the Settlement Class.

4. For settlement purposes only, the Court finds that this action is preliminarily maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because: (1) a class action is a fair and efficient adjudication of this controversy; and (2) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members.

5. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, then the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party

of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

6.     The Court appoints Stacy Edey, Kellie High, and Ronnice Lee as the class representatives. The Court also appoints Kristi Kelly, Andrew Guzzo, Casey Nash, J. Patrick McNichol, and Matthew Rosendahl of Kelly Guzzo, PLC; and Dale Pittman of The Law Office of Dale W. Pittman, P.C., as counsel for the Class ("Class Counsel").

7.     The Court appoints American Legal Claims Services, LLC as the Settlement Administrator.

8.     The Court will hold a Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e) on _____, 2026 (*at least 120 days after entry of Preliminary Approval Order*) at the United States District Court for the Eastern District of Virginia, at Walter E. Hoffman U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510, at _____.m. for the following purposes:

(a)     To determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

(b)     To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

(c)     To consider the application of Class Counsel for an award of attorneys' fees, costs, and expenses, and for a service award to the class representative; and

(d)     To rule upon other such matters as the Court may deem appropriate.

9.   (a)   As is provided in Section 4.2.1 of the Settlement Agreement, Defendant shall provide a Class List of the Settlement Class Members to the Settlement Administrator no later than ten days after entry of this Order, and the Settlement Administrator shall send the agreed upon Notices to the Settlement Class Members in accordance with the Settlement Class Notice Plan set forth in the Settlement Agreement no later than twenty-one days after receiving the Class List. The Court also approves the parties' Notice, which is attached to the Settlement Agreement as Exhibit B. To the extent the parties or Settlement Administrator determine that ministerial changes to the Notice are necessary before disseminating it to the Settlement Class Members, they may make such changes without further application to the Court.

(b)   Not later than forty-five (45) days before the Final Approval Hearing, the Settlement Administrator will cause a declaration to be filed with the Court that the Notice described above was given as required herein.

10.   The Court finds this manner of giving notice fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, including its use of individual notice to all members who can be identified through reasonable effort, and shall constitute due and sufficient notice to all persons entitled thereto.

11.   If a Settlement Class Member chooses to opt-out of the class, such class member is required to submit a request for exclusion to the Settlement Administrator, post-marked on or before the date specified in the Notice, which shall be no later than thirty (30) days before the date of the Final Approval Hearing. The request for exclusion must include

the items identified in the Settlement Agreement pertaining to requests for exclusion. A Settlement Class Member who submits a valid request for exclusion using the procedure identified above shall be excluded from the class for any and all purposes. No later than fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare a declaration listing all of the valid opt-outs received and shall provide the declaration and list to Class Counsel and Defendant's counsel, with Class Counsel then reporting the names appearing on this list to the Court before the Final Approval Hearing.

12.     A Settlement Class Member who does not file a timely request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.

13.     (a)     Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a written notice of objection to be filed with the Court no later than thirty (30) days prior to the Final Approval Hearing. The notice of objection shall be sent by First Class United States Mail to the Settlement Administrator and the Clerk of the Court.

(b)     The objection must include the following: (1) the Settlement Class Member's full name, address and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of counsel, if counsel intends to submit a request for fees, and all factual and legal support for that request; (3) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (4) the identity of any witnesses the objector may call to testify; (5) a listing

of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, if any, as well as true and correct of copies of such exhibits; and (6) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel. Any Settlement Class Member who fails to timely file and serve a written objection pursuant to the terms of this paragraph shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

14.    All briefs, memoranda, petitions, and affidavits to be filed in support of the Settlement and an individual award to the Named Plaintiffs and in support in support of Class Counsel's application for fees, costs and expenses, shall be filed not later than forty-five (45) days before the Final Approval Hearing.

15.    Neither this Preliminary Approval Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the  Released Claims. This Preliminary Approval Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, the Settlement Class Members, or the Defendant.

16.    The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_____
HON. ARENDA WRIGHT ALLEN
UNITED STATES DISTRICT JUDGE

Dated: _____

## EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

# A proposed class action settlement may affect your rights.

*A federal court authorized this notice. This is not a solicitation from a lawyer. You are not being sued.*

- There is a proposed settlement in a class action lawsuit entitled *Stacy Edey et al. v. Navy Federal Credit Union*, No. 2:25-cv-554. The lawsuit claims that Navy Federal Credit Union ("NFCU") is liable for failing to prevent third parties from opening unauthorized personal loan accounts in members' names and for failing to cancel the loans after individuals impersonating NFCU personnel induced members to transfer the loan funds to unknown third parties. NFCU denies the Plaintiffs' allegations and denies that NFCU is liable to the Plaintiffs or any of the putative settlement class members.

- Under this settlement, NFCU will automatically cancel your loan, request the deletion of any credit reporting related to the loan, and refund the payments you made on the loan to your Navy Federal account. **You also have the right to submit a Claim Form <u>for an additional $250 payment</u>. The Claim Form is included as the last page of this Notice is and also available on the settlement website. Whether you act or not, your legal rights are affected by the proposed settlement. Your rights and options—and the deadlines to exercise them—are explained in this notice. Please read this notice carefully in its entirety.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT | | |
|---|---|---|
| **Your Rights and Options** | **What to Do** | **Deadlines to Do It** |
| **Object to the Settlement** | Write to the Court about why you do not like the proposed settlement. | Postmarked on or before _____ ___, 2026 |
| **Opt Out of the Settlement** | Write to the Settlement Administrator stating that you do not wish to participate in the proposed settlement. If you validly opt out, you will not receive any monetary payments from the settlement. | Postmarked on or before _____ ___, 2026 |
| **Submit a Claim Form** | Submit a form to the Settlement Administrator for <u>an additional $250 payment</u> from the settlement. The Claim Form is the last page of this Notice. | Postmarked on or before _____ ___, 2026 |
| **Do Nothing** | You are not required to take any action to receive the automatic benefits of the proposed settlement. If the proposed settlement is finally | None |

| | approved and you do not opt out, then you will be bound by the Court's final judgment and the release of claims in the Settlement Agreement. | |
|---|---|---|

| **1.** | **Does this Notice apply to me?** |
|---|---|

Yes. You are receiving this Notice because NFCU's records indicate you are a Settlement Class Member. The Class is defined as individuals who, between January 1, 2023 and January 31, 2025, as members of NFCU were provided a personal loan in which:

- the personal loan application was submitted using a device (e.g., phone or computer) that was not familiar to NFCU;

- NFCU deposited personal loan funds into the member's account;

- the member submitted a claim to NFCU disputing the personal loan as fraudulent;

- NFCU denied the member's claim in whole or in part; and

- NFCU has not recovered the personal loan funds in full.

This Notice informs you about the proposed settlement and your rights. Before any final judgment is entered, the Court will have a hearing to decide whether to approve the proposed settlement. If the proposed settlement is finally approved, then you will benefit from the relief provided by the proposed settlement. Once the proposed settlement is final, you will also be bound by the release and other provisions of the proposed settlement.

This notice is only a summary of the proposed settlement. More details about the proposed settlement, the date when appeals are no longer allowed and the settlement is final, deadlines for certain actions, and your options are available in a longer document called the Settlement Agreement. You can get a copy of the Settlement Agreement by visiting www. _____.com.

The class action lawsuit is known as *Stacy Edey et al. v. Navy Federal Credit Union*, No. 2:25-cv-554, and is pending in the United States District Court for the Eastern District of Virginia, with Judge Arenda Wright Allen presiding. The individuals who sued are called the Plaintiffs; the company that they sued is called the Defendant. The Plaintiffs are Stacy Edey, Kellie High, and Ronnice Lee. The Defendant is NFCU.

| **2.** | **What is this lawsuit about?** |
|---|---|

The lawsuit alleges that NFCU is liable for failing to prevent third parties from opening unauthorized personal loan accounts in members' names and for failing to cancel the loans after individuals impersonating NFCU personnel induced members to transfer the loan funds to unknown third parties. NFCU denies the Plaintiffs' allegations and denies that NFCU is liable to the Plaintiffs or any of the putative settlement class members. The Court has not decided whether

either side is right or wrong. Instead, both sides agreed to settle the case and provide benefits to the class.

The Named Plaintiffs here, Stacy Edey, Kellie High, and Ronnice Lee, filed this case as a proposed class action. When the parties reached this proposed settlement, the Court had not decided whether the case could be a class action. As part of the proposed settlement, the Court certified a tentative class action for settlement purposes only, under Federal Rule of Civil Procedure 23(b)(3). If the proposed settlement is not finally approved, then the Court may later determine if the case may proceed as a class action.

| 3. | How do I know if I am part of the proposed settlement? |
|---|---|

The Court has decided that everyone who fits the following description is a Settlement Class Member:

> All persons who, as members of NFCU, between January 1, 2023, and January 31, 2025, were provided a personal loan in which:
>
> - the personal loan application was submitted using a device (e.g., phone or computer) that was not familiar to NFCU;
>
> - NFCU deposited personal loan funds into the member's account;
>
> - the member submitted a claim to NFCU disputing the personal loan as fraudulent;
>
> - NFCU denied the member's claim in whole or in part; and
>
> - NFCU has not recovered the personal loan funds in full.

| 4. | What benefits does the proposed settlement provide? |
|---|---|

The proposed settlement automatically benefits Settlement Class Members through three categories of relief: (i) the personal loans have been or will be canceled; (ii) credit reporting relating to the personal loans have been or will be requested to be deleted; and (iii) payments made by class members to NFCU on the personal loans have been or will be reimbursed, including any offset payments initiated by NFCU.

The account number for the personal loan is [INSERT] and any outstanding amount You owe on that loan will be canceled. You will be refunded [INSERT] for payments made on the loan. The reimbursement will be made to your deposit account with NFCU. If you no longer have a deposit account with NFCU, that reimbursement will be sent to you via **U.S. Mail at your last address on file with NFCU.**

**If you submit the enclosed Claim Form, you will receive an additional $250.00. In order to receive this payment, you must submit a Claim Form no later than XXXX.** The Claim Form

is attached to this notice and is available on the settlement website. You must complete the form, sign your name, and send it back to receive the additional $250.

If you no longer have a deposit account with NFCU, that reimbursement will be sent to you via U.S. Mail at your last address on file with NFCU.

| 5. | How do I submit a Claim Form for payment from the Claims Fund? |
|---|---|

If you believe that an unauthorized personal loan was taken out using your membership with NFCU and that you suffered additional damages as a result , please complete the Claim Form and mail it to _____ at _____. Your Claim Form must be postmarked by _____. You may also submit a Claim Form at the settlement website, www. _____.com.

| 6. | How does the proposed settlement affect my rights? |
|---|---|

If the proposed settlement is finally approved by the Court, then you will be giving up the right to file a lawsuit against NFCU relating to the personal loan described in Section 3. Specifically, you will be giving up the right to bring any claims resulting from, arising out of, or regarding NFCU's conduct relating to the personal loan. You will be giving up all such claims whether or not you know about them.

**You are not releasing any claim for actual damages that you may have against NFCU for violating 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act. If you would like to understand your rights and potential claims against NFCU relating to your rights and potential claims, you can contact Class Counsel.**

**The precise terms of the dismissal and release are explained in the Settlement Agreement, which you can view on the settlement website, www._____.com.**

The Court's order will apply to you even if you object to the settlement or have any other claim, lawsuit, or proceeding pending against NFCU relating to the personal loan described in Section 3. If you have any questions about the release, then you should visit www._____.com for more information or consult with a lawyer. See Section 8 below for more information regarding your options in seeking legal advice concerning the settlement.

| 7. | Can I choose not to be in the proposed settlement? |
|---|---|

Yes. You have the opportunity to opt out of the Settlement by submitting a written Request for Exclusion to _____ at _____, postmarked no later than thirty (30) days before the Final Approval Hearing in this action. To be valid, a Request for Exclusion must be personally signed and must include: (i) your name, address and telephone number; (ii) and a statement substantially to the effect that: "I request to be excluded from the Settlement Class in *Stacy Edey et al. v. Navy Federal Credit Union*, No. 2:25-cv-554, United States District Court,

Eastern District of Virginia." Notwithstanding the foregoing, no person within the Settlement Class may submit a Request for Exclusion for any other person in the Settlement Class.

If you timely submit a valid Request for Exclusion, you will exclude yourself from the Settlement Class and will not be bound by further orders or judgments in the Litigation, subject to Court approval. You will preserve your ability to independently pursue, at your own expense, any individual, non-class, non-representative claims that you claim to have against NFCU. No person who has opted out of the settlement may object to any part of the Settlement Agreement.

| 8. | Do I have a lawyer in this case? |
| --- | --- |

Yes. The Court approved the following individuals to represent you and other Settlement Class Members:

- Kristi Kelly, Andrew Guzzo, Casey Nash, J. Patrick McNichol, and Matthew Rosendahl of Kelly Guzzo, PLC at 3925 Chain Bridge Road, Suite 202, Fairfax, Virginia 22030. Telephone: (703) 424-7570; and

- Dale Pittman of The Law Office of Dale W. Pittman, P.C., The Eliza Spotswood House, 112-A West Tabb Street, Petersburg, VA 23803. Telephone: (804) 861-6000.

The Court has appointed these lawyers as Class Counsel. You will not be charged for these lawyers. You may hire your own attorney, if you choose, but you will be personally responsible for your attorney's fees and expenses.

| 9. | How will the lawyers be paid?    What will the Class Representatives receive? |
| --- | --- |

The attorneys representing the class have handled this case on a contingency basis. To date, they have not been paid anything for their work. Class Counsel will request that the Court award attorneys' fees and expenses for the time and effort they have spent on this case. The amount that will be requested by Class Counsel is $250,000, and service awards for each of the Named Plaintiffs will be requested up to $15,000.

Any approved attorneys' fees and expenses or the Named Plaintiffs' service awards will be paid separately from the relief reserved for the Settlement Class Members. No Settlement Class Member will owe or pay anything directly for the attorneys' fees and expenses of Class Counsel. If the Court approves this request, it will not reduce the amount you are eligible to receive as part of the settlement.

| 10. | How do I tell the Court if I do not agree with the proposed settlement? |
| --- | --- |

If you are a Settlement Class Member, then you can object to the proposed settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

To object to this Settlement Agreement, you must file your objection in writing with the Clerk of Court no later than thirty (30) days prior to the final approval hearing. You must also provide a copy of your objection to the Settlement Administrator (_____), identified above). The objection must include the following: (1) your full name, address and current telephone number; (2) the name and telephone number of your counsel, if you are represented by an attorney and if counsel intends to submit a request for fees, and all factual and legal support for that request; (3) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (4) the identity of any witnesses you may call to testify; (5) a listing of all exhibits you intend to introduce into evidence at the Final Approval Hearing, if any, as well as true and correct of copies of all exhibits; and (6) a statement of whether you intend to appear at the Final Approval Hearing, either with or without counsel. If you fail to timely file and serve a written objection, you shall not be permitted to object to the approval of the settlement or Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

You will not be permitted to object to the settlement or the Settlement Agreement if you decide to exclude yourself from the settlement.

| **11.** | **When and where will the Court decide whether to finally approve the proposed settlement?** |
|---|---|

The Court will hold a final approval hearing on _____, 2026, at _____.m., before the Hon. Arenda Wright Allen, in the United States District Court for the Eastern District of Virginia in Norfolk, Virginia.

At this hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will consider all timely and proper objections. You do not have to attend the hearing.

The Court may also decide how much to award Class Counsel and the Named Plaintiffs. After the hearing, the Court will decide whether to finally approve the proposed settlement.

The Court may change the date of the final approval hearing without further notice to the Class. You should check the website, www._____.com, after _____, 2026 to confirm the hearing date, the court-approval process, and the Effective Date.

| **12.** | **How do I get more information?** |
|---|---|

This notice is only a summary of the proposed settlement. More details about the proposed settlement, the date when appeals are no longer allowed and the settlement is final, deadlines for certain actions, and your options are available in a longer document called the Settlement Agreement. You can get a copy of the Settlement Agreement by visiting www._____.com. The website also contains answers to common questions about the proposed settlement. In addition, some of the key documents in the case will be posted on the website. You can also write or call Class Counsel at the contact information listed above.